UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDI PONS, *also known as, Ari Pons, doing business as, The Union, doing business as, Houlihan Lawrence, doing business as, Ari Space Shelter, doing business as, Office Evolution, also known as, Armando Pons, doing business as, Vivi Salinas, doing business as, Ari Fleetus, also known as, John Doe, also known as, Jane Doe, doing business as, Air Space Shelter, doing business as, Mark Antonic Studio, also known as, Ari Weiner, also known as, Ari Weimer, doing business as, ARI Group Inc.*, <br><br>Appellant, <br><br>v. <br><br>REGUS MANAGEMENT GROUP, LLC, <br><br>Appellee. | **MEMORANDUM AND ORDER** <br> 22-cv-06014 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Appellant Audi Pons ("Pons" or "Appellant") seeks review of Bankruptcy Judge Elizabeth Stong's order granting Appellee's relief from the automatic stay with respect to property located at 118-35 Queens Boulevard, Office #443, Forest Hills, NY 11375 (the "Property") pursuant to Bankruptcy Code Sections 362(d)(1) and 362(d)(2) in the underlying Chapter 7 Bankruptcy proceeding. ECF No. 1. Appellant has subsequently filed a Motion to Stay that seeks the same relief as his underlying bankruptcy petition. ECF No. 2. For the reasons stated below, Appellant's appeal and his Motion to Stay are DISMISSED as moot.

## BACKGROUND

In May 2022, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York

("Bankruptcy Court").  Bankr. ECF No. 1.[1]  The petition was filed the same day Appellant was scheduled to be evicted by the City Marshall from the Property for violating his license agreement with Regus.  Bankr. ECF No. 22-1 ¶¶ 33–34.

In June 2022, Regus filed a motion "seeking, among other relief, an order granting relief from the automatic stay" with respect to the Property.  ECF No 3 at 2; Bankr. ECF Nos. 22, 24.  Pons never filed an opposition to the motion.  On September 22, 2022, the Bankruptcy Court granted Regus's motion and, in a detailed and well-reasoned opinion, modified the automatic stay with respect to the Property—in effect allowing any enforcement actions with respect to the Property to proceed.  *See* Bankr. ECF Nos. 78, 81 ("Stay Relief Order").

Pons commenced this case appealing the Stay Relief Order on October 5, 2022, and the appeal was docketed on October 7, 2022.  ECF No. 1.[2]  A little over a week later, on October 14, 2022, the Bankruptcy Court entered an Order Dismissing Case based upon Pons's "failure to appear at the Section 341 Meeting of Creditors as required by Bankruptcy Code Sections 341 and 707(a)."  Bankr. ECF No. 94 at 2.

## DISCUSSION

While Pons has appealed the Bankruptcy Court's modification of the automatic stay in his underlying Chapter 7 Bankruptcy case, he has never appealed the Bankruptcy Court's order dismissing his case, and his 14-day deadline to file such an appeal has expired.  *See* Fed. R. Bankr. P. 8002(a)(1).  Under Section 362, the automatic stay at issue terminated when the

---

[1] All Bankr. ECF citations relate to Bankruptcy Petition # 1-22-40945 of the U.S. Bankruptcy Court in the Eastern District of New York (Brooklyn).

[2] On October 19, 2022, Pons filed an Emergency Motion to Stay requesting the Court "stay pending appeal any enforcement actions against the property at 118-35 Queens Boulevard."  ECF No. 2.  Although the handwritten motion is somewhat difficult to decipher, it does not appear to raise any new issues that were not raised in the underlying appeal.

underlying case was dismissed. 11 U.S.C. § 362(c)(2)(B)) ("[T]he stay . . . continues until . . . the time the case is dismissed."). Pons's appeal is limited to the Stay Relief Order, which itself was limited to modifying the automatic stay in the underlying bankruptcy proceeding to allow Appellee to continue eviction proceedings with respect to the Property. However, given that the underlying bankruptcy case has itself been dismissed, there no longer is an automatic stay in effect related to the Property. This means the Court cannot grant Pons the relief he seeks, because "even if the Bankruptcy Court erred in [modifying] the automatic stay, the Court cannot reinstate the stay because the underlying bankruptcy proceeding has been dismissed." *In re Walerstein*, No. 07-cv-2746, 2008 WL 795327, at *2 (E.D.N.Y. Mar. 24, 2008).

## CONCLUSION

For the reasons explained above, Pons's appeal, as well as his Motion to Stay, are DISMISSED as moot. The Clerk of Court is directed to close this case and to mail a copy of this Order to the *pro se* Appellant.

SO ORDERED.

                                              */s/ Hector Gonzalez*
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
       November 4, 2022